**TRENK ISABEL SIDDIQI**
**  & SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@tisslaw.com
Email:  rroglieri@tisslaw.com

*Proposed Counsel to JFM Sparta, LLC,*
*Chapter 11 Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| JFM SPARTA LLC, d/b/a BURGER KING, | Case No. 26-15275 (JKS) |
| Debtor. | |

**DEBTOR'S MOTION FOR A FINAL ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES AND RELATED OBLIGATIONS; (B) PAY AND REMIT PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES; AND (C) HONOR AND PROCESS WORKERS' COMPENSATION AND EMPLOYEE BENEFIT OBLIGATIONS; AND (II) DIRECTING ALL BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

TO:   THE HONORABLE JUDGES OF THE
       UNITED STATES BANKRUPTCY COURT

JFM Sparta, LLC, Chapter 11 debtor and debtor-in-possession (the "**Debtor**"), by and

through its proposed counsel, Trenk Isabel Siddiqi & Shahdanian P.C., hereby moves before this

Court for an interim and final order: (I) authorizing the Debtor to: (A) pay prepetition wages,

salaries, commissions and related obligations; (B) pay and remit payroll taxes and other

1

deductions to third parties; and (C) honor and process workers' compensation and other employee benefit obligations; and (II) authorizing and directing all banks and financial institutions to receive, process, honor and pay all checks and transfers drawn on the Debtor's bank accounts for payment of prepetition employee obligations. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105(a), 363(b), and 507(a)(4) and (5) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "**Bankruptcy Code**"), and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      The Debtor filed its voluntary chapter 11 petition on May 11, 2026 (the "**Petition Date**").

4.      The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this case.

5.      The Debtor is a New Jersey limited liability company and operates out of its principal place of business in Sparta, New Jersey.  The Debtor operates a Burger King franchise

and is known for their signature flame-grilled burgers, and the "Have It Your Way®" customization promise.  The Debtor employs approximately 14 employees, including restaurant managers and hourly employees.

6.     A more detailed history and description of the Debtor and its operations, together with the reasons for its chapter 11 filing, are set forth in the First Day Declaration of Ranjana Jethwa [ECF3], which is incorporated herein as if set forth in its entirety.

## RELIEF REQUESTED

7.     The continued and uninterrupted service of the Employees (defined below) is essential to the Debtor's continuing operations.  In order to minimize the personal hardship the Employees will suffer if certain pre-petition Employee-related obligations are not paid when due, and to maintain the Employees' morale during this critical time, the Debtor, by this Motion, seeks authority to: (i) pay all amounts owed on account of Prepetition Wages (defined below), (ii) pay and remit to the appropriate third parties and taxing authorities all Deductions and Payroll Taxes (defined below) for which Employee payroll deductions were withheld prepetition, (iii) continue Employee practices and policies with respect to PTO (defined below), (iv) continue to honor, make contributions to, and pay the Health and Welfare Benefits (defined below), (v) honor and continue their Workers' Compensation Insurance (defined below), and (vi) pay any miscellaneous prepetition costs and expenses incidental to payment of the foregoing including, but not limited to, all administrative and processing costs and expenses (collectively, the "**Employee Obligations**").

8.     The Debtor further requests that the Court authorize and direct all banks and financial institutions to receive, process, honor and pay all checks and transfers drawn on the

Debtor's bank accounts for payment of Employee Obligations, irrespective of whether such items are presented before, on, or after the Petition Date.

9. The Debtor submits that any payments in respect of prepetition wages, salaries, commissions, and other compensation and benefit programs will not exceed the employee limitation allowable as a priority claim under Bankruptcy Code sections 507(a)(4) and (5).

### A. The Debtor's Employees

10. The Debtor employs approximately fourteen (14) people, including restaurant managers and hourly employees (the "**Employees**").  The Debtor is a corporation organized in the State of New Jersey with a principal place of business at 49 Sparta Ave N, Sparta, NJ 07871. The Employees are critical to the Debtor's operations and the support the Debtor's continued service to its customers.

### B. Wages

11. The Debtor's Employees are paid biweekly.

12. The next payroll to FT Employees will be issued on May 19, 2026 and will be for the pay period April 27, 2026 through May 10, 2026 (the "**Current FT Pay Period**").  A schedule of payments to be made will be provided in advance of the hearing on the Motion.

13. The Debtor uses Paycor to process its payroll, calculate paychecks, administer all payroll deductions and tax withholdings, and file related tax returns.  Paycor withdraws Employees' net pay amounts from the Debtor's accounts in a lump sum in advance of the payroll date and issues checks and direct deposits.

14. As of the Petition Date, the accrued prepetition wages, commissions, salaries, and related obligations of the Debtor (the "**Prepetition Wages**") will be set forth in a pleading to be filed. The Debtor may also have additional prepetition obligations to Employees resulting from

checks on account of Prepetition Wages that were previously issued to Employees, which have not yet been presented for payment or may not have cleared through the Debtor's banking system. Accordingly, the aggregate amount of Prepetition Wages that have not yet been paid to the Employees may include amounts corresponding to additional prepetition pay periods.

### C. Workers' Compensation Obligations

15. The Debtor is required under applicable laws in the State of New Jersey to maintain workers' compensation insurance to provide Employees with workers' compensation coverage for injury claims arising from or related to their employment with the Debtor (the "**Workers' Compensation Insurance**").

16. The Debtor has Workers' Compensation Insurance through Travelers Insurance. As of the Petition Date, the Debtor is current with respect to its prepetition obligations for Workers' Compensation Insurance.

17. Accordingly, the Debtor maintains workers' compensation programs pursuant to the applicable requirements of local law and seeks authority to make all payments required in connection with such programs.

### D. Payroll Taxes and Deductions

18. During each applicable payroll period, the Debtor routinely deducts certain amounts from Employees' paychecks for items such as pre- and post-tax deductions payable pursuant to certain employee benefit plans, legally ordered deductions such as garnishments and child support, and other miscellaneous deductions (collectively, the "**Deductions**").  The Debtor seeks authority to forward prepetition Deductions (and to continue to forward Deductions on a postpetition basis whether or not related to the prepetition period) to the appropriate third parties in the ordinary course of business.

19.     The Debtor is required by law to withhold from Employee paychecks amounts related to federal, state, and local income taxes, Social Security, Medicare, and state unemployment/disability taxes (collectively, the "**Withheld Amounts**") for remittance to the appropriate federal, state, or local taxing authorities.  In addition, the Debtor is required to pay from their own funds Social Security and Medicare taxes, and, based on a percentage of gross payroll, additional amounts for federal and state unemployment/disability insurance (together with the Withheld Amounts, the "**Payroll Taxes**").  The Debtor remits the Payroll Taxes to the appropriate taxing authorities and file related periodic information returns when due.  The Debtor seeks authority to pay this amount and to continue to honor and process all prepetition obligations with respect to Payroll Taxes on a postpetition basis in the ordinary course of business.

20.     By way of this Motion, the Debtor seeks authority to pay any accrued and unpaid Payroll Taxes and continue to forward all post-petition payroll Deductions to the appropriate parties.

### E.  Paid Time Off

21.     To provide continuity of income for Employees during time off from their jobs for vacation, personal time, holidays, emergencies and illness, the Debtor provides paid time off ("**PTO**") to their full-time Employees. The amount of PTO provided varies by Employee based upon each Employee's job classification, budgeted hours and length of continuous service according to an accrual schedule.

22.     Certain of the Employees have accrued and unused PTO as of the Petition Date. The Debtor seeks authority to continue its prepetition policies with respect to PTO in the ordinary course of business.

6

**F. Health, Welfare, and Other Benefits**

23.     In the ordinary course of their business, the Debtor makes available various Employee health, welfare and benefits programs including, but not limited to, medical, dental, and vision insurance (collectively, the "**Health and Welfare Benefits**").  In this regard, the Debtor provides its Employees with the following:

a.     Health insurance through Elevanta Health;

b.     Vision insurance through Davis Vision/Guardian; and

c.     Dental insurance through Guardian Insurance.

24.     The Debtor requests authority to pay all amounts relating to the Health and Welfare Benefits as they come due and to continue the Health and Welfare Benefits post-petition in the ordinary course of business.

**G. Authority for Banks to Honor and/or Reissue Checks**

25.     The Debtor further requests that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay any and all check and transfers drawn on the Debtor's dedicated payroll accounts, whether such checks were presented before, or are presented after, the Petition Date for the Current Pay Period.

**BASIS FOR RELIEF**

26.     The Debtor submits that the relief requested in this Motion is warranted under sections 105(a), 507(a)(4), and 507(a)(5) of the Bankruptcy Code.  In this regard, Courts have permitted a debtor-in-possession to pay certain creditors' pre-petition claims pursuant to section 105(a) of the Bankruptcy Code[1] under the necessity of payment doctrine first enunciated by the

---

[1] Section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  See 2 COLLIER ON BANKRUPTCY § 105.01, at 105-3 (15th ed. 1996) (a bankruptcy court has the power under section 105(a) to take "whatever action is appropriate or necessary in aid of the exercise of its jurisdiction.").

Supreme Court over a century ago in *Miltenberger v. Logansport C & S.W.R. Co.*, 106 U.S. 286 (1882). Under this doctrine, courts routinely permit a reorganizing debtor to make post-petition payments on pre-petition claims where payment is necessary to effectuate a successful reorganization. *See In re Pliant Corporation*, Case No. 06-10001 (Bankr. D. Del. Jan. 31, 2006) (MFW) (authorizing the payment of pre-petition wages, salaries, and other compensation); *In re Foamex International Inc.*, Case No. 05-12685 (Bankr. D. Del. Sep. 20, 2005) (PJW) (same); *In re Pharmaceutical Formulations, Inc.*, Case No. 05-11910 (Bankr. D. Del. July 12, 2005) (MFW) (same); *In re Meridian Automotive Systems -- Composites Operations, Inc., et al.*, Case No. 05-11168 (Bankr D. Del. May 27, 2005) (MFW) (same); *In re Just For Feet, Inc.*, 242 B.R. 821 (D. Del. 1999) (holding that the so-called necessity of "payment doctrine" justified the payment of pre-petition claims where such payment is "critical to debtor's reorganization"); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021 (Bankr. S.D. Ohio 1991) (applying the doctrine of necessity); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (authorizing Eastern Air Lines, Inc., to pay pre-bankruptcy wages, salaries, medical benefits, and business expense claims and relying on equitable powers under 11 U.S.C. § 105(a) to effectuate a complete restructuring of debtor's finances to provide continuing jobs for its employees); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) ("if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus"); *In re Sharon Steel Corp.*, 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) (embracing the "necessity of payment doctrine").

27.    Here, it is essential to the Debtor's ability to continue to maintain and fulfill its mission that the Employees continue to provide services and that their morale be preserved.

8

Should the Employee Obligations go unpaid, they will unlikely be willing to remain working for the Debtor, thereby significantly reducing the Debtor's chances of a successful reorganization. Under these circumstances, this Court should authorize the Debtor to pay the Employee Obligations. *See In re Pliant Corporation, et al.*, Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006) (authorizing debtors to pay pre-petition employee wages and reimbursable expenses); *In re G & G Retail, Inc.*, Case No. 06-10152 (RED) (S.D.N.Y. Jan. 31, 2006) (authorizing debtor to pay pre-petition obligations including wages, salaries and healthcare claims); *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (approving a Bankruptcy Court's order authorizing the payment of  certain pre-petition wages, salaries, employment reimbursement expenses, and benefits, including payment on workers' compensation claims); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition employee wages and benefits, as well as health, life, and workers' compensation insurance premiums).  In addition to payment of wages and salaries for the Current Pay Period, it is critical and necessary that the Debtor pays its payroll and other required taxes.

28.     Moreover, the Debtor, by seeking to pay the Employee Obligations now as opposed to under a plan, is only affecting the timing of the payment because the Employee Obligations are accorded priority of payment under section 507(a)(4) because they were earned within 180 days before the date of the filing of the petition and are for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by individuals.

29.     Likewise, under section 507(a)(5) of the Bankruptcy Code, employees would ultimately be granted a priority claim for allowed unsecured claims for contributions to an employee benefit plan arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's operations.

30.     None of the Employees will receive payments in excess of the $17,150 limit established pursuant to sections 507(a)(4) and (5) of the Bankruptcy Code for accrued but unpaid Employee Obligations for the Current Pay Period.

31.     The Debtor has sufficient funds to pay the amounts described herein in the ordinary course of its operations by virtue of expected cash flows.  Also, under the Debtor's existing cash management system, the Debtor can readily identify checks, wire transfers, drafts, ACH debits, and other transfers drawn on the bank accounts as relating to an authorized payment in respect of the Employee Obligations. Accordingly, the Debtor believes that payments for prepetition obligations will be made in accordance with the court's direction. Therefore, the Debtor respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks, wire transfers, drafts, ACH debits, and other transfers drawn on the Debtor's bank accounts in respect of the relief requested herein.

32.     Accordingly, the Debtor respectfully requests that the Court grant the Motion.

### WAIVER OF BRIEF

33.     As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement of D.N.J. LBR 9013-1 for the filing of a brief be waived.

### SATISFACTION OF BANKRUPTCY RULE 6003

34.     Bankruptcy Rule 6003 empowers this Court to grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. *See* Fed. R. Bankr. P. 6003.

35.     The Debtor believes that the payment of the Employee Obligations is critical in order to maintain the morale of the Employees during the pendency of the chapter 11 case and to ensure that they remain with the Debtor.  Accordingly, the Debtor respectfully submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Employee Obligations.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

36.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

37.     Nothing contained herein is intended or should be construed as (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an assumption or rejection of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code; or (v) otherwise affecting the Debtor's rights under the Bankruptcy Code or applicable non-bankruptcy law.  The Debtor expressly reserves, and does not waive, their rights under the Bankruptcy Code or any other applicable law.

### NOTICE

38.     No trustee, examiner, or committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.  Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtor's twenty largest unsecured creditors; (iii) all secured creditors; and (iv) those parties who filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to Bankruptcy Rule 2002, if any.  In light of

the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

39.     No previous motion for the relief sought herein has been made to this or to any other court.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtor such other and further relief as the Court deems just and proper.

Dated:  May 11, 2026

**TRENK ISABEL SIDDIQI
& SHAHDANIAN P.C.**

By: */s/ Richard D. Trenk*
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@trenkisabel.law
Email:  rroglieri@trenkisabel.law

*Proposed Counsel to JFM Sparta, LLC,
Chapter 11 Debtor and Debtor-in-Possession*